■ JOSEPH B. ABRAHAMS, Respondent, v. HAROLD H. HUSTIS et al., as Executors of SAMUEL HUSTIS, Deceased, Appellants.— In an action to recover damages for personal injuries, the appeal is from so much of an order as granted a motion for leave to serve an amended complaint. Order modified by striking from the first ordering paragraph the word "granted" and by substituting therefor the word "denied". As so modified, order, insofar as appealed from, affirmed, with $10 costs and disbursements to appellants. The original complaint specified as the grounds of negligence that the testator

had permitted and suffered ice and snow to accumulate upon the sidewalk, had failed to place sand, ashes or other substance on the ice so as to render the same safe, and had failed to warn respondent of the alleged dangerous condition, as a result of which respondent was caused to slip and fall, receiving the injuries complained of. The amendment would add that the testator had negligently permitted drainage from his premises to empty onto and across the sidewalk and to form ice thereon. The accident occurred on December 23, 1950, and respondent's attorney's claim letter to the testator, written before the commencement of the action, referred to the alleged negligence merely as failure to remove snow and ice from the sidewalk. The action was commenced in October, 1951, when the summons and original complaint were served on the testator, and his answer was served in January, 1952, but the case was not put on the trial calendar by respondent until the March 1955 Term. The claim of improper drainage was first asserted on November 9, 1956 at a pretrial conference. It was not asserted in writing in any paper in the case until September, 1957 when it appeared in respondent's bill of particulars. In the meantime, and in 1955, the building on the testator's premises had been torn down to make way for a public improvement. On March 5, 1958, after a jury had been selected, a mistrial was declared so as to afford respondent an opportunity to move at Special Term for leave to serve an amended complaint, and the order under review resulted. In our opinion, the delay in asserting the claim of improper drainage and in making the motion was prejudicial to appellants in that it may be impossible for them now to procure evidence with respect to the drainage claim, in view of the facts that the building has been torn down and the testator himself cannot now testify. Such evidence might have been procured had the claim been made when the action was commenced or at least within a reasonable time thereafter. The granting of the relief was an improvident exercise of discretion. Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.